## ADAMS v. RICHARDSON.

1. The sufficiency of a return to a summons to show cause why an execution should not be renewed, must be determined by the Circuit Judge. It is not a case for issues out of chancery.
2. The return having alleged non-service in the original action and presumption of payment from lapse of time, no issues of fact were raised, only issues of law, to be determined by the judge from the inspection of the record. Parol testimony was inadmissible to disprove the sheriff's return of service.
3. The judgment having been obtained after defendant had filed his petition in bankruptcy, the word "suspended" was properly written across the judgment, as the bankrupt law required a stay in such cases.

Before ALDRICH, J., Barnwell, April, 1888.

This was a summons by E. H. Frost to have renewed an execution on a judgment obtained by Adams, Frost & Co. against W. T. Richardson, he being now the sole owner of the judgment. The opinion states the case.

*Messrs. Geo. H. Bates* and *Frank R. Frost,* for appellant.

*Mr. James O. Patterson,* contra.

February 28, 1889. The opinion of the court was delivered by
Mr. Justice McGowan. This was a summons issued October
11, 1887, to renew an execution. The judgment in the princi-
pal case was entered November 16, 1868, and was marked in the
handwriting of Mr. Hutson, the plaintiff's attorney, "suspended."
The defendant made return (1) that the judgment was rendered
without service of process upon him; (2) that prior to date of
said judgment he was declared a bankrupt, and no execution had
ever issued upon the judgment which, marked "suspended," had
been dormant for nineteen years—that no "return" had ever
been made on it; "and by reason of the matters and things
hereinbefore set forth, he is not indebted to the plaintiffs in any
sum whatever," &c.

It appeared that the judgment was rendered in the usual way
by default, and that an execution was issued thereon. There
was no objection to the record, except the word "suspended"
written across it, and the manner in which service of the origi-
nal writ was proved by the affidavit of the sheriff, stating that
the service was made by his deputy as follows: "By my special
deputy, D. C. Cave, I did, on the 2d day of March, 1867,
deliver to the defendant, W. T. Richardson, a copy of this writ,
with a proper notice endorsed thereon. (Signed) W. W. Wood-
ward, S. B. C. I swear to the truth of this return, before
(Signed) A. V. Eaves, C. C. P. & G. S." It also appeared
that the defendant was declared a bankrupt in the United States
Court on May 22, 1868, before the judgment was entered, but it
did not appear that he had ever been discharged in bankruptcy.

The Circuit Judge, being of opinion that the return of the
defendant raised two questions of fact, directed "issues" as fol-
lows: "I. Was the defendant, W. T. Richardson, served with the
writ in the case? II. Is the said judgment paid? It is ordered
that the said issue be referred to a jury for trial at the next term
of the court, and the case is transferred to Calendar No. 1 for
that purpose." From this order the plaintiff appeals upon the fol-
lowing grounds: "*First*. Because his honor erred in referring to
a jury the question of service of the writ, when he should have
determined that question himself from the face of the record.
*Second*. Because his honor erred in referring an issue of 'pay-

ment' to a jury, when no such issue is raised by the return of the defendant. *Third.* Because his honor erred in refusing to renew the execution."

The judgment and execution were entered November 16, 1868, before the code, and therefore the judgment had a lien for twenty years. The execution, however, had lost its active energy, and this was a "summons" to renew it, "requiring the judgment debtor to show cause, if any he may have, why the execution should not be renewed; and if no sufficient cause be shown, the same may be renewed," &c. As we understand it, the sufficiency or insufficiency of the cause shown was to be determined by the judge before whom the summons was returnable. *Alsobrook* v. *Watts,* 19 *S. C.,* 544; *Carroll* v. *Tompkins,* 14 *Id.,* 228. The proceeding was in the nature of an action at law, certainly not a "suit in chancery," and therefore not a case for anything like "issues from chancery." See *Fowler, Foster & Co.* v. *Wood,* 26 S. C., 172; *Reams* v. *Spann,* 28 *Id.,* 532.

Besides, as it seems to us, the "issues" referred to a jury were not issues of fact raised by the pleadings. First, as to the "issue," whether the defendant, Richardson, was served with process in the principal case. The point was whether a service made by the deputy sheriff could be sufficiently proved by the oath of the sheriff himself, which was not at all identical with the "issue" whether, as a matter of fact, the defendant, Richardson, was or was not actually served with process. The sole question was as to sufficiency or insufficiency of the record. Whether the proof of service by the sheriff was regular according to the then existing law, or a mere irregularity, or totally defective, and therefore fatal, was a pure question of law for the judge to determine upon inspection of the record, and in no view in this collateral proceeding was parol testimony admissible to contradict the record. *Clark* v. *Melton,* 19 S. C., 498; *Turner* v. *Malone,* 24 *Id.,* 398.

Second. As the issue of "payment" ordered. If by "payment" was meant the presumption of satisfaction or payment, which arises from lapse of time, the question like that as to the statute of limitations was one of law, and was for the judge. But if payment in fact was intended, we do not see that any such claim was made. On the contrary, the respondent alleged

that he never owed the judgment, for the reason that he was in bankruptcy at the time it was recovered, and that no proceedings had been taken to enforce it for nineteen years.

. Nor was there any question proper for a jury connected with the word "suspended" written across the judgment by the plaintiff's attorney (Mr. Hutson). As the defendant was then in bankruptcy, that entry was properly made, as the bankrupt law provided "that suits at law or in equity shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of discharge, provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge," &c. See *Pyles* v. *Bell*, 20 S. C., 368, and the authorities cited.

The judgment of this court is, that the judgment of the Circuit Court be reversed and the case remanded to the Circuit Court for such further proceedings as may be necessary, or as the parties may be advised.

MR. CHIEF JUSTICE SIMPSON concurred generally, and MR. JUSTICE McIVER concurred in the result.